UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLAIRE WILKERSON SCHWAB AND THEODORE A. SCHWAB, Individually and as Next Friends of T.S., <br><br> Plaintiffs, <br><br> V. <br><br> FORD MOTOR COMPANY, <br><br> Defendant. | Civil Action No._____ |

# COMPLAINT

CLAIRE WILKERSON SCHWAB AND THEODORE A. SCHWAB, Individually and as Next Friends of T.S. ("Plaintiffs") file this Complaint against FORD MOTOR COMPANY ("Defendant"), and respectfully show the following:

## I.
## PARTIES

1. Plaintiffs CLAIRE WILKERSON SCHWAB AND THEODORE A. SCHWAB and their child T.S. have at all relevant times resided in Fairfax County, Alexandria, Virginia.

2. Defendant, FORD MOTOR COMPANY (hereafter "Ford") is a citizen of Michigan and Delaware. Ford can be served through its registered agent at Ct Corporation System, 4701 Cox Road, Ste. 285, Glen Allen, VA 23060.

## II.
## JURISDICTION AND VENUE

3. Ford designed and manufactured the 2012 Ford Explorer which is at issue in this case.

4. This court has original jurisdiction over this civil action under 28 USC §1332(a)(1) because the matter in controversy exceeds the value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Ford resides in this district.

## III.

## FACTUAL BACKGROUND

6. This cause of action arises out of a seat failure following an automobile collision that occurred on March 25, 2016. Taylor Schwab was driving a Ford Explore, VIN No. 1FMHKF83CGA39370 (hereinafter "the Ford Explorer").  At the time, minor Plaintiff T.S. was securely belted in the rear right passenger seat of the Ford Explorer. Another passenger was securely belted in the front passenger seat of the Ford Explorer. The Ford Explorer came to a stop in traffic.

7. Jamie Blalock was driving a Honda and following the Ford Explorer. Blalock did not stop when the Ford Explorer stopped. Blalock's car struck the rear of the Ford Explorer. The Ford Explorer was then propelled into the car stopped in front of it.

8. With the exception of the minor Plaintiff T.S., all of the passengers and drivers of all three vehicles were able to walk away from the collision with no injuries or only minor injuries.

9. Ford Motor Company designed, manufactured and marketed the Ford Explorer.

10. Ford Motor Company designed and manufactured the front passenger seat of the Ford Explorer.

11. T.S. was properly belted into the seat in the right rear.  A passenger was seated directly in front of him and was also properly belted.  When the impact occurred, the front passenger seat deformed from its normal position and flexed to a point that the head of the front seat occupant

moved back and over the headrest to a point where the front occupant's head struck the head of T.S. On information and belief, the front passenger suffered a concussion due to the impact of his head with the head of T.S. T.S. suffered a severe head injury that included hemorrhaging in the brain.

## IV.

## CAUSE OF ACTION:  DESIGN DEFECT

12. Plaintiffs incorporate by reference the preceding allegations.

13. Ford Motor Company designed the Ford Explorer and its front passenger seat.

14. At the time that the Ford Explorer entered the stream of commerce, it was a defective product. In particular, Ford designed the Ford Explorer with a front passenger seat that would not adequately withstand reasonably foreseeable rear end collision forces. Though the seat would not break, it would deform and allow the head of the front passenger seat to enter into the area occupied by the head of the right rear passenger. As a result, neither the Ford Explorer nor its front passenger seat were reasonably fit for their intended purpose.

15. The initial collision between the Honda and the Ford Explorer was not related to the design defect. However, the design defect enhanced the injury of the minor Plaintiff by causing a second impact that was between the heads of two of the passengers in the Ford Explorer. If the front passenger seat had been properly designed to prevent head incursion of its occupant into the rear passenger space, the minor Plaintiff would have been uninjured.

16. There was a safer alternative design that in reasonable probability would have prevented or significantly reduced the risk of the injury in question without substantially impairing the product's utility. That design was to create less flexibility in the vertical back of the front passenger seat such the head of the front passenger could not enter the passenger space of the rear right passenger. The alternative design was economically and technologically feasible at the time the

product left the control of Ford.

17. The above design defect was a producing cause of the injury which is the basis of this suit.

## V.
## CAUSE OF ACTION: NEGLIGENCE AND BREACH OF WARRANTY

18. Plaintiffs incorporate by reference the preceding allegations.

19. Ford Motor Company was negligent in the design of the front passenger seat in the Ford Explorer.

20. Ford breached an implied warranty of fitness for a particular purpose. See 6 Del. C § 2-314(2). The Ford Explorer was sold by Ford. The Ford Explorer was not merchantable at the time of the sale due to the front passenger seat's ability to dramatically deform during a rear end collision. The Ford Explorer and particularly the front passenger seat proximately caused and in fact caused a severe brain injury to the rear seat occupant.

21. The Ford Explorer was unreasonably dangerous for the use to which it would ordinarily be put (i.e., transportation with a larger person in the front passenger seat while another passenger was in the right rear seat). The unreasonably dangerous condition was a front passenger seat that would allow deformation of the seat in a rear end collision to an extent that would allow properly belted occupants' heads to strike each other. Given this condition of the front passenger seat, the injury in this case was a probability during a rear end collision. This unreasonably dangerous condition existed when the Ford Explorer left Ford's hands.

22. Ford Motor Company's negligence was a proximate cause of the injuries to the Plaintiff.

## VI.

## **DAMAGES**

23.    As a result of his bodily injuries, which were proximately caused by Defendants' negligence, Plaintiffs are entitled to reasonable and proper compensation for the following legal damages:

    a.    past and future medical expenses;

    b.    past and future physical pain and mental anguish;

    c.    past and future physical impairment;

    d.    past and future disfigurement; and

    e.    past lost wages and future lost wage-earning capacity.

24.    Plaintiff seeks actual damages in an amount within the jurisdictional limits of this Court.

## VII.

## **JURY DEMAND**

25.    Plaintiff requests a trial by jury and would show that the appropriate fee is paid contemporaneously with the filing of this Petition.

## VIII.
## **PRAYER**

Plaintiffs pray that they have judgment against Defendant for actual damages shown and proved at trial, for prejudgment and post-judgment interest, for costs of court, and for all other relief, legal and equitable, to which Plaintiff is entitled.

      Respectfully Submitted,

      */s/ Andrew C. Dalton*
      Andrew C. Dalton, Esq. (ID 5878)
      Bartholomew J. Dalton, Esq. (ID 808)
      DALTON & ASSOCIATES, P.A.
      Cool Spring Meeting House
      1106 West Tenth Street
      Wilmington, DE  19806
      (302) 652-2050
      (302) 652-0687 – Fax
      *Attorneys for Plaintiffs*

**Of Counsel:**
THE LANIER LAW FIRM, P.C.
Lawrence P. Wilson, Esq.
Texas State Bar No. 21704100
W. Mark Lanier, Esq.
Texas State Bar No. 11934600
6810 F.M. 1960 West
Houston, TX 77069
P.O. Box 691448
Houston, TX 77269
Telephone: (713) 659-5200
Telecopier: (713) 659-2204


Date: 1/31/2018